O’Neill, J.,
concurring in judgment only.
{¶ 2} I concur in judgment only. I would hold that the 1989 version of the Ohio Dormant Mineral Act, former R.C. 2301.56, Sub.S.B. No. 223, 142 Ohio Laws, Part I, 981, operated on a rolling look-back period. Consistent with my dissenting opinion in Walker v. Shondrick-Nau, 149 Ohio St.3d 282, 2016-Ohio-5793, 74 N.E.3d 427, I would also hold that the 1988 recorded deed at issue in this case that transferred the surface estate to appellants Virgil and Theresa Farns-worth, while indicating the reservation of the mineral interest held by appellee Veronica Burkhart was a qualifying title transaction and therefore a saving event under the 1989 version of the Dormant Mineral Act. Thus, there was no abandonment of the mineral interest prior to the effective date of the 2006 version of the Dormant Mineral Act, 2006 Sub.H.B. No. 288. Accordingly, the mineral holders’ 2012 claim to preserve that was filed after the Farnsworths filed a notice of abandonment under the 2006 Dormant Mineral Act was sufficient to prevent abandonment under the 2006 version of the law.
*346 Theisen Brock, L.P.A., James S. Huggins, Daniel P. Corcoran, and Kristopher 0. Justice, for appellants.
Stubbins, Watson, & Bryan Co, L.P.A., Mark W. Stubbins, and Grant J. Stubbins, for appellees.